# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-569V
UNPUBLISHED

| | |
|---|---|
| MICHAEL DURBIN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 24, 2023<br><br>Motion for decision; Dismissal; influenza ("flu") vaccine; shoulder injury related to vaccine administration ("SIRVA") |

*Jonathan J. Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 11, 2021, Michael Durbin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine he received on September 22, 2020. ECF No. 1.

On April 12, 2023, Petitioner filed a motion for a decision dismissing the petition. ECF No. 26. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

Petitioner filed an affidavit with the petition which attested that he "expected [his shoulder pain] to continue for longer than six (6) months." Exhibit 1 ¶ 17. The PAR Initial Order required Petitioner to file additional statutorily required documents. ECF No. 5. On May 7, 2021, Petitioner filed some medical records. ECF No. 10. Petitioner filed one additional set of medical records on October 17, 2022. ECF No. 21. Before filing the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

present motion for a decision, Petitioner most recently moved for an extension of time to obtain more medical records. ECF No. 25.

On April 12, 2023, Petitioner filed a motion for a decision dismissing the petition stating that "an investigation of the facts and science supporting his case has demonstrated to petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 26 ¶ 1.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines, or 2) that the vaccinee suffered an injury not on the Table that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged a Table claim, i.e., that his shoulder injury following the influenza vaccination fit the Table criteria for a SIRVA.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). All petitioners must establish the severity requirement with evidence that the vaccine related injury (1) persisted for more than six months, (2) caused the vaccinee's death, or (3) resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i). None of the medical records submitted indicate that Petitioner's shoulder injury persisted for more than six months or that the injury required surgical intervention. Additionally, because Petitioner's affidavit was submitted less than five months after the shoulder injury, not even the affidavit supports Petitioner's shoulder injury persisting for more than six months.

Petitioner has not submitted sufficient evidence to establish that his shoulder injury persisted for more than six months. Moreover, Petitioner admitted in his motion for a decision that he will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

                                             **s/Brian H. Corcoran**
                                             Brian H. Corcoran
                                             Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."